UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00432-MR

| JAMES MARLIN BAILEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |
| BRIAN KEMP, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint. [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 1, 2].

**I.     BACKGROUND**

On June 23, 2025, pro se Plaintiff James Marlin Bailey ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983, naming the following Defendants: (1) Roy Cooper, former Governor of North Carolina; (2) Josh Stein, former Attorney General of North Carolina; (3) Elaine Marshall, North Carolina Secretary of State; (4) Tessa Seller, identified as the 43rd District Judge of Clay County, North Carolina; (5) Ashley Hornsby Welch, identified as District Attorney 43rd; (6) Mark Buchanan, Sheriff of Clay County, North Carolina; (7) Curtis Cochran, Sheriff of Swain County, North Carolina; (8) Doug

Farmer, Sheriff of Jackson County, North Carolina; (9) the "Governor's Office of North Carolina & all designees;" (10) the "Attorney Generals [sic] Office of the State of North Carolina & all designees;" (11) "43rd District Attorney's Office & all designees;" (12) "Secretary of the State of North Carolina & all designees;" (13) "Clay County Sheriff Office & all designees;" (13) "Swain County Sheriff Office & all designees;" and (15) "Jackson County Sheriff Office & all designees." [Case No. 1:25-cv-00190-MOC-WCM ("Case No. -190"), Doc. 1]. Plaintiff sued the Defendants in their individual and official capacities. [Id., id. at 2-3].

Plaintiff alleged *inter alia* as follows.

On February 18, 2020, Plaintiff pleaded guilty to Possession of Methamphetamine and Possession of Heroin in Towns County Georgia. [Id., Doc. 1-1 at 8]. He received a sentence of three-years' probation. [Id., id.]. On August 13, 2021, Plaintiff's probation officer caused to be issued a Warrant for Arrest of Probationer ("Probation Warrant") alleging that Plaintiff had violated the conditions of his probation by committing a new criminal offense of battery-family violence in Towns County. [Id., id.]. The Probation Warrant expired on December 24, 2022. [Id., id.].

On November 8, 2022, Assistant District Attorney ("ADA") Anna Guardino from the Enotah Judicial Circuit in Georgia applied to the Governor

2

of Georgia, Brian Kemp, for the issuance of a requisition on the Governor of the State of North Carolina for the extradition of the Plaintiff, who was residing in Cherokee, North Carolina. [Id., Doc. 1-1 at 9]. In support of this request, ADA Guardino attached certified copies of the underlying judgment against the Plaintiff and the Probation Warrant. On December 1, 2022, Governor Kemp issued a Requisition Demand and Agent Authorization to then North Carolina Governor Defendant Roy Cooper demanding the arrest and delivery of the Plaintiff to the Sheriff of Towns County, attaching certified copies of the underlying judgment against the Plaintiff and the Probation Warrant. [Id., id.]. On December 19, 2022, Defendant Cooper, in response to this demand, signed a warrant for the arrest and extradition of the Plaintiff.[1] [Id., id.].

On February 15, 2023, U.S. Marshal Donald Cline, assisted by the Eastern Band of Cherokee Indians ("EBCI") Tribal Police, arrested the Plaintiff at his residence pursuant to this unlawful extradition requisition. [Id., Id. at 5]. Plaintiff was taken to the Jackson County Detention Center and appeared before the Honorable District Judge Donna Forga. [Id., Id. at Doc.

---

[1] In this regard, Plaintiff alleged that Defendants Cooper and Stein "signed an unlawful extradition requisition" violating Plaintiff's rights. [Doc. 1 at 5]. Plaintiff further alleged that "[t]o assist in this unlawful requisition," the Clay County Sheriff's Office, the 43rd District Attorney's Office, and the 43rd District Judge, presumably Defendant Seller, "[f]abricated that plaintiff was on probation which was a lie and incorrect." [Id.].

1 at 5, Doc. 1-1 at 9]. Plaintiff was given a copy of the requisition and informed of his rights pursuant to N.C. Gen. Stat. § 15A-730, including his right to a reasonable time within which he may apply for Writ of Habeas Corpus. [Id., Doc. 1-1 at 9]. Plaintiff pointed out that the Probation Warrant was expired and that there was no "fugitive of justice" warrant. Plaintiff was assigned a public defender, passed up to Superior Court, and locked in a cell for 75% of the next nine (9) days. [Id., Doc. 1 at 6].

On February 24, 2023, Plaintiff was brought to court in chains. The Honorable Bradley Letts, Senior Resident Superior Court Judge, presided. [Id., id.]. Judge Letts granted the writ of habeas corpus, concluding that there was no longer a legal basis for the extradition of the Plaintiff to the State of Georgia because "the warrant for arrest of [Plaintiff] in Georgia expired on December 24, 2022." [Id., Doc. 1-1 at 9]. Plaintiff was released from the Jackson County Detention Center a few hours later. [Id., Doc. 1 at 6]. Plaintiff claimed violation of his rights under the Fourth and Fourteenth Amendment. [Id., see id. at 5-6].

Plaintiff's Complaint in that matter failed initial review for the reasons stated in the Court's Order. [Id., Doc. 5 at 6-11]. The Court noted that Plaintiff's own materials plainly showed that he was on probation and that the Probation Warrant remained valid when Governor Cooper signed a

4

warrant for Plaintiff's arrest and extradition and concluded, therefore, that any claim based on the request for or issuance of the December 19, 2022 extradition warrant failed. [Id., id. at 8]. The Court further noted that "[t]he real issue [was] whether Plaintiff has stated a claim based on his February 15, 2023 arrest and subsequent 9-day detention, which appears to have been based on an expired Probation Warrant." [Id., id. at 9]. Plaintiff, however, did not name U.S. Marshal Cline or any EBCI police officers as defendants or allege any facts implicating any of the named Defendants in this arrest. The Court, therefore, dismissed any such claim. [Id., id.].

The Court allowed Plaintiff the opportunity to amend his Complaint to state a claim for relief. [Id., id. at 11-12]. Before receiving the Court's Order, Plaintiff moved to amend his Complaint. [Id., Doc. 6]. Because Plaintiff's proposed amended Complaint also failed to state a claim for relief and because Plaintiff did not otherwise file an amended Complaint in accordance with the Court's initial review Order, the Court dismissed Case No. -190 without prejudice on August 8, 2025. [Id., Doc. 7].

In the meantime, on July 10, 2025, Plaintiff filed the instant case in the Northern District of Georgia. [Doc. 1-1, see Doc. 3]. On November 12, 2025, Plaintiff filed an Amended Complaint. [Doc. 8]. Based on the allegations of Plaintiff's Amended Complaint, "in which he complains about

5

events that occurred during his [February 15, 2023] arrest in Cherokee, North Carolina and incarceration in Jackson County, North Carolina, … and does not appear to challenge the issuance or validity of the extradition warrant," United States Magistrate Judge Catherine M. Salinas transferred the case here to the Western District. [Doc. 13].

Plaintiff' Amended Complaint is now before the Court on initial review. [Doc. 8]. In his Amended Complaint, he largely restates the allegations of his Complaint in Case No. -190. [See id.]. He names seventeen (17) Defendants, many of whom he named in Case No. -190, as well as various Georgia officials and entities. [Doc. 8 at 2-6]. Additionally, he names the U.S. Marshals Service in Asheville, North Carolina, and the "Cherokee Tribal Police" in Cherokee, North Carolina, as Defendants. [Id. at 5]. Plaintiff again alleges that he was arrested at his home on February 15, 2023, pursuant to the expired Probation Warrant. [See id. at 11]. Plaintiff alleges that the U.S. Marshals Service falsely arrested him without probable cause and without a valid arrest warrant and that the Cherokee Tribal Police "assisted in the kidnapping" at Plaintiff's home. [Id. at 11].

Plaintiff further alleges as follows. While waiting for the Jackson County Sheriff's Department to arrive, the U.S. Marshals Service removed Plaintiff's restraints, which were causing Plaintiff numbness and severe pain

6

in his thumb, wrist, and shoulder. [Id. at 12]. The Jackson County Sheriff's Office arrived "with the invalid governors warrant" and Plaintiff was transported to the Jackson County Detention Center (the "JCDC"). [Id.]. Once Plaintiff arrived at the JCDC, he pointed out that the Probation Warrant expired on December 24, 2022. [Id.]. Plaintiff, who is of Asian descent, was dressed in an inmate uniform, violating 18 U.S.C. § 242, which is a "racially profiled, and racially discriminated crime."[2] [Id.]. At an extradition hearing before a Jackson County magistrate, Plaintiff pointed out that "the warrant itself which the Governors warrant is based on is expired." [Id.]. Plaintiff petitioned for writ of habeas corpus. [Id. at 13]. The magistrate elevated his case to a district judge, who elevated it to Superior Court. [Id.].

While waiting for hearing on his habeas petition, Plaintiff was led in five-point restraints to inmate housing at the JCDC. An hour later he was brought to medical for treatment for his injuries and given medication. The meals at the JCDC were "the worst in his life." Plaintiff was confined to a small cell for 16 hours a day, which "seriously hurt" his mental health. [Id.]. On February 24, 2023, after 10 days of detention, Plaintiff appeared before Judge Letts, who granted Plaintiff's petition for habeas relief. Plaintiff was

---

[2] Section 242 criminalizes the willful deprivation of civil rights based on alienage, color, or race. It affords Plaintiff no relief here and will not be further addressed.

7

released a few hours later. [Id. at 14].

Plaintiff purports to state eighteen different causes of action, including false arrest and imprisonment and violation of his rights under the Fourth, Fifth, and Fourteenth Amendments. [Id. at 3, 7]. He claims to have suffered mental and physical injury, including injury to his hand, wrist, and thumb. [Id. at 15]. Plaintiff seeks monetary relief only. [Id. at 16].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in her complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

To the extent Plaintiff purports to challenge the issuance or validity of the extradition warrant, these claims fail for the same reasons as those claims did in Case No. -190. [See Case No. -190, Doc. 5 at 7-10]. The Court, therefore, will dismiss Defendants Carr, Stein, Cooper, Kemp, Williams, Byrd, Enotah District Attorney's Office, 30th District Attorney Office, 43rd District Attorney Office, and Towns County Sheriff's Office. Moreover, Magistrate Judge Salinas transferred this matter here because Plaintiff did not appear to challenge the issuance or validity of the extradition warrant but rather challenges his arrest and the conditions of his confinement and the JCDC. As such, without any surviving related claim, as discussed infra, jurisdiction over claims related to the requisition demand for the extradition of the Plaintiff more properly lies in Georgia.

As Plaintiff was previously advised, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Plaintiff makes no allegations against or particular to Defendants Marshall, Cochran, Buchanan, and Byrd. As such, the Court will dismiss these Defendants on this ground as well.

Additionally, as for Plaintiff's claims related to his February 15, 2023 arrest and subsequent 9-day detention, Plaintiff names only the U.S. Marshals Service, the "Cherokee Tribal Police," and the Jackson County Sheriff's Office as Defendants. These claims fail for several reasons.

Plaintiff has not alleged that any Sheriff's Office policy or custom was the moving force behind any constitutional violation. See Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997). As such, he has failed to state a claim against the Jackson County Sheriff's Office.

To the extent Plaintiff seeks to state a claim against individual officials for his allegedly unlawful arrest or subsequent conditions of confinement at the JCDC, he must name these individuals as Defendants and show that they acted personally in the deprivation of his rights, which he has not done. See Stirling, 912 F.3d at 171.

Finally, the U.S. Marshals Service, the Cherokee Indian Police Department, or any officials employed by these entities are not state actors subject to liability under § 1983. Rich v. United States, 158 F.Supp.2d 619, 630 (D. Md. 2001) (regarding U.S. Marshal defendants); Reed v. Hyatt, No. 1:19-cv-00122-MR, 2020 WL 5899100, at *2 (W.D.N.C. Oct. 5, 2020) (regarding EBCI employees). As such, even if Plaintiff had named such officials individually as Defendants in this § 1983 action, they would be dismissed.

Because none of Plaintiff's federal constitutional claims survive initial review, the Court declines to consider his numerous state law claims. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); see 28 U.S.C. § 1367(c)(3).

As such, the Court finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and, therefore, fails initial review under § 1915(e)(2)(B). The Court is constrained, however, to allow Plaintiff to amend his Complaint to state a claim should the facts allow for such amendment.

## V. CONCLUSION

In sum, Plaintiff's Amended Complaint fails initial review under § 1915(e)(2)(B). The Court will allow Plaintiff thirty (30) days to amend his complaint to address the deficiencies as stated herein, if the facts support such amendment and if Plaintiff so chooses. Plaintiff is admonished that any amended complaint will be subject to all timeliness and procedural requirements and will supersede the instant Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to file an amended complaint within 30 days of entry of this Order, the instant Complaint will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Amended Complaint fails initial review under 28 U.S.C. § 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED**

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to file an amended complaint in accordance with the terms of this

Order. If Plaintiff fails to so amend the instant Complaint, the matter will be dismissed without prejudice.

The Clerk is further directed to mail Plaintiff a blank 1983 form.

**IT IS SO ORDERED**.

Signed: December 31, 2025

Martin Reidinger
Chief United States District Judge